**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**West Palm Beach Division**
www.flsb.uscourts.gov

In re:                                                                Case No: 11-33992-PGH
                                                                      Chapter 11
ELYSE ANNE ISADORE,

           Debtor.           /

**MOTION TO VALUE PURSUANT TO 11 U.S.C. §506(a)**
**AND TO BIFURCATE PURSUANT TO 11 U.S.C. §506(d)**
**RE: 3847 Van Cott Circle, West Palm Beach, Florida 33403**

The Debtor in Possession Elyse Anne Isadore (hereinafter, the "Debtor"), by and through undersigned counsel, files this Motion to Value pursuant to 11 U.S.C. §506(a) (hereinafter, the "Motion") of the Debtor's real property (hereinafter, the "Property") described below. In support of the Motion, the Debtor respectfully states the following:

### I.  JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter, the parties in interest, and the property and interests in property affected hereby, pursuant to 28 U.S.C. §§157 and 1334. Consideration of this motion is a core proceeding under 28 U.S.C. §157(b)(2)(A), (K) and (O).

2.      The statutory predicates for the relief sought herein are 11 U.S.C. §§105(a), 506(a) and 506(b) and Bankruptcy Rules 2002 and 3007.

### II.  BACKGROUND

3.      On August 29, 2011, the Debtor filed a Chapter 11 Petition in this Court.

4.      On April 19, 2006, the Debtor purchased the Property which is located

1

at 3847 Van Cott, West Palm Beach, Florida 33403.  JP Morgan Chase Bank, NA  holds a first mortgage in the amount of $168,000.00 recorded in Official Records Book 20247, Page 0911 in the Public Records of Palm Beach County, Florida. A copy is attached here to as Exhibit "A".

### III.  VALUATION

5. An appraisal of the Property (hereinafter, the "Appraisal")  was completed on May 12, 2011 resulting in the Property having a market value to be $66,000.00. A copy of the Appraisal is attached as Exhibit "B".

6. The Debtor requests the Court bifurcate the claims on this property in accordance with §506(a) and (d) below:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under Section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

7. The Debtor requests that the Court determine any unsecured portion be treated as a  general unsecured claim based upon the aforesaid undersecured status.

WHEREFORE, the Debtor requests the Court to value the Property herein as set forth above, bifurcate the unsecured portion of same, and request such other and further relief as this Court deems just and proper.

Dated: September 26, 2011
Boca Raton, FL

                    SHAPIRO, BLASI, WASSERMAN & GORA, P.A.

BY: *s/ Aaron A. Wernick, Esq.*

        Aaron A. Wernick, Esq.
        Florida Bar No. 14059
        Corporate Centre at Boca Raton
        7777 Glades Road, Suite 400
        Boca Raton, Florida 33434
        Telephone:   (561) 477-7800
        Facsimile:     (561) 477-7722
        E-mail: awernick@sbwlawfirm.com